UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert T. Lincoln,

Plaintiff,

vs.

Sears, Roebuck and Co. d/b/a "Sears Home Improvement Products"; and Sears Home Improvement Products, Inc.

Defendants.

Civil File No. 02-840 DWF/SRN

**STIPULATION AND ORDER FOR JURISDICTION OVER CLAIM AND DISMISSAL WITH PREJUDICE**

WHEREAS Plaintiff Robert T. Lincoln has brought the present action against his former employer, Sears Home Improvement Products, Inc., and against Sears, Roebuck and Co.;

WHEREAS the parties agree that, for purposes of this litigation only, between July 1999 and the termination of Plaintiff's employment on or about July 31, 2000, Defendant Sears Home Improvement Products, Inc. was the "employer" of Plaintiff Robert T. Lincoln, as that term is defined by the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*.; and

WHEREAS the parties agree, for purposes of this litigation only, jurisdiction over Plaintiff Robert T. Lincoln's claims exists under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*. as to Defendant Sears Home Improvement Products, Inc.;

WHEREAS the parties agree that Sears, Roebuck and Co. is therefore no longer a necessary or a proper party to this action;

Based on the agreement of Plaintiff Robert T. Lincoln and Defendants Sears, Roebuck and Co. and Sears Home Improvement Products, Inc., it is hereby stipulated that:

(1) For purposes of this litigation only, Sears Home Improvement Products, Inc. was Plaintiff Robert T. Lincoln's "employer," as that term is defined by the Family

FILED APR 24 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

(2) For purposes of this litigation only, Plaintiff Robert T. Lincoln was, with respect to Sears Home Improvement Products, Inc., an "eligible employee" as that term is defined by the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, at all times relevant to this proceeding.

(3) For purposes of this litigation only, jurisdiction over Plaintiff Robert T. Lincoln's claims exists under the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* as to Defendant Sears Home Improvement Products, Inc.

(4) The above-captioned matter, as against Defendant Sears, Roebuck and Co., is dismissed with prejudice.

(5) Defendant Sears Home Improvement Products, Inc. waives any defense or argument that it is in any way relieved of liability or that its liability is in any way diminished by the dismissal of its Co-Defendant Sears, Roebuck and Co.

(6) By stipulating to the foregoing paragraphs, Defendant Sears Home Improvement Products, Inc. does not waive any defense or argument that Plaintiff Robert T. Lincoln failed to comply with its Family and Medical Leave Act certification requirement permitted under 29 CFR § 825.305.

(7) Upon issuance of the Order below, the caption in this proceeding shall be modified to read: "Robert T. Lincoln, Plaintiff vs. Sears Home Improvement Products, Inc., Defendant."

Dated: April 18, 2003

**LITTLER MENDELSON, P.C.**

By: [signature]
Kathryn Mrkonich Wilson (#283605)
Jeffrey G. Vigil (#241520)
Multifoods Tower – Suite 3110
33 South 6th Street
Minneapolis, Minnesota 55402-3720
Telephone: (612) 630-1000
Facsimile: (612) 630-9626

**ATTORNEYS FOR DEFENDANTS SEARS, ROEBUCK AND CO. AND SEARS HOME IMPROVEMENT PRODUCTS, INC.**

Dated: April 18, 2003

By: [signature]
James G. Ryan (#155962)
4421 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-3872
Facsimile: (612) 338-3874

**ATTORNEY FOR PLAINTIFF ROBERT T. LINCOLN**

**IT IS SO ORDERED**

Dated: Apr 24, 2003

[signature]
Judge of the United States District Court

MINNEAPOLIS:32361.2 016144.1061