**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert T. Lincoln,

Plaintiff,

vs.

Sears Home Improvement Products, Inc.,

Defendant.

Case No. 02-CV-840 DWF/SRN

**CONFIDENTIALITY AGREEMENT AND ORDER**

---

The parties to this action, Plaintiff Robert Lincoln ("Plaintiff") and Defendant Sears Home Improvement Products, Inc. ("SHIP") by their respective counsel, hereby stipulate and agree, and request that the Court enter a mutual protective order, as follows:

1. Plaintiff or Defendant may designate as "CONFIDENTIAL" any document, testimony, information or material which they disclose or authorize to be disclosed in the course of this civil proceedings as hereinafter set forth in Paragraphs 2, 3, 4 and 5. Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

2. Any writing produced or authorized to be produced by any party or person in this litigation may be designated as "CONFIDENTIAL" if it contains trade secret or other confidential research, development, or commercial information which is not available to the public; or if it contains medical information that would be protected by any medical privilege in the absence of this litigation. A party shall make a "CONFIDENTIAL" designation by stamping

APR 23 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the words "CONFIDENTIAL" on the face of the writing or notifying the other parties of the designation.

3. Plaintiff or Defendant may, consistent with the information classifications contained in paragraph 2 of this Agreement, designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or within thirty (30) days after receipt of the transcript. Portions of any deposition designated "CONFIDENTIAL" are to be filed with the Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Confidentiality Agreement. These portions shall remain sealed until further agreement of the parties." Whenever any writing designated as "CONFIDENTIAL" is proposed as a trial exhibit or used as a deposition exhibit in this civil proceeding, it shall be so marked.

4. Plaintiff or Defendant may, consistent with the information classifications contained in paragraph 2 of this Agreement, designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

5. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this action, it shall be so marked and shall be filed separately under seal with the Court.

6. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and

shall be used solely for the purposes of prosecution or defense of this civil proceeding. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or officers or employees of the respective parties with a need to know related to this litigation, and

(d) Deposition and trial witnesses in this action

(e) Any person interviewed by counsel of a party during the investigation of the case if counsel for the interviewing party holds a good-faith belief that disclosure is needed for the full investigation or presentation of his or her case;

(f) Court reporters and court personnel who, as a requirement of their jobs, are involved in the case;

(g) Plaintiff's spouse, Janet L. Lincoln.

7. "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 6(b) of the Agreement) or any interviewee (as defined in paragraph 6(e) of this Agreement) unless and until such person has

signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Confidentiality Agreement.

8. No party shall, for himself or itself or for any person or persons acting on his or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this civil proceeding.

9. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

10. Plaintiff or Defendant may object to the designation of any document, testimony, information, or material as "CONFIDENTIAL" in writing within 30 days of receiving notice of the designation. The material objected to as "CONFIDENTIAL" will not be permanently covered by this Confidentiality Agreement unless:

(a) The party making the "CONFIDENTIAL" designation applies to the Court, by noticed motion, for a ruling that the designated material shall be treated as "CONFIDENTIAL" within 30 days of receiving the objection to the CONFIDENTIAL designation, and the Court so agrees or rules; or

(b) The party making the objection to the "CONFIDENTIAL" designation reconsiders that objection and agrees to the "CONFIDENTIAL" designation.

11. The party making the "CONFIDENTIAL" designation and the motion defined in paragraph 10(a) of this Agreement shall bear the burden of proof for such motion under Fed. R. Civ. P. 26(c) or other applicable standard. During the pendency of any motion defined in

paragraph 10(a) of this Agreement, the documents, testimony, information, or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Confidentiality Agreement. The party who prevails on the motion defined in paragraph 10(a) of this Confidentiality Agreement shall be entitled to reasonable attorney's fees and costs.

12. Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at a pre-trial hearing of this matter, he or it shall meet with counsel for the opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court for resolution. This Agreement and Order shall not govern admissibility of any exhibit or testimony at trial.

13. Upon termination of this litigation, all copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party(ies), except that such counsel may retain one copy for professional liability and responsibility purposes.

14. This Confidentiality Agreement may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

Dated: April 18, 2003

**LITTLER MENDELSON, P.C.**

By: ______________________
Kathryn Mrkonich-Wilson (#283605)
Jeffrey G. Vigil (#241520)
Multifoods Tower – Suite 3110
33 South 6th Street
Minneapolis, Minnesota 55402-3720
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANT SEARS HOME IMPROVEMENT PRODUCTS, INC.**

Dated: April 18, 2003

By: ______________________
James G. Ryan (#155962)
4421 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: (612) 338-3872

**ATTORNEY FOR PLAINTIFF ROBERT T. LINCOLN**

**SO ORDERED:**

Dated this 22nd day of April, 2003.

BY THE COURT:

______________________
SUSAN RICHARD NELSON
United States Magistrate Judge

MINNEAPOLIS:37113.4 016144.1061
04/18/03

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.