**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Robert T. Lincoln,

Plaintiff,

v.

Sears Home Improvement Products, Inc.; and Sears, Roebuck & Co., dba "Sears Home Improvement Products,"

Defendants.

Civil No. 02-0840 (DWF/SRN)

**ORDER AND MEMORANDUM**

---

James G. Ryan, Esq., Ryan Law Office, 80 S. 8th St., Ste. 820, Minneapolis, Minnesota 55402, counsel for Plaintiff.

Jeffrey G. Vigil, Esq., Kathryn A. Mrkonich, Esq., and Heather C. Fokken, Esq., Littler Mendelson, 33 6th St. S., Ste. 3110, Minneapolis, Minnesota 55402, counsel for Defendants.

---

This matter is before the Court upon Defendant Sears Home Improvement Products, Inc.'s Objections to and Appeal of Magistrate Judge Susan Richard Nelson's order dated September 2, 2003, that granted Plaintiff's Motion to Amend Complaint to Seek Punitive Damages and granted Plaintiff's Motion to Engage in Reasonable Discovery Related to the Issue of Punitive Damages. Plaintiff Robert T. Lincoln has filed a memorandum in opposition to Defendant's appeal.

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left

SEP 30 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court finds that Magistrate Judge Richard Nelson's order of September 2, 2003, is neither clearly erroneous nor contrary to law. Thus, the Court denies Defendant's appeal and affirms Magistrate Judge Susan Richard Nelson's order of September 2, 2003, in all respects.

Accordingly, **IT IS HEREBY ORDERED** THAT:

1. Magistrate Judge Susan Richard Nelson's order of September 2, 2003 (Doc. No. 50), is **AFFIRMED.**

Dated: September 30, 2003

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

The Court concurs with the Magistrate Judge Nelson's order dated September 2, 2003, wherein she allowed Plaintiff leave to amend his complaint to seek punitive damages. As noted by Magistrate Judge Nelson, especially considering the conduct of Plaintiff's supervisor Tim Graham, clear and convincing evidence exists such that a jury could find that Defendant deliberately disregarded Plaintiff's rights.

In addition, the Court agrees with Magistrate Judge Nelson regarding the preemption issue. Magistrate Judge Nelson properly noted that where an injury does not fall within the Minnesota Workers' Compensation Act, the common law remedy is not affected by it. *See*

September 2, 2003, Order at 7 (citing *Rosenfield v. Matthews*, 275 N.W. 698 (1937)). As such, Plaintiff's claims that are based on mental injury caused by work-related mental trauma are not preempted by the Minnesota Workers' Compensation Act.

For these reasons, the Court has concluded that Magistrate Judge Nelson's order dated September 2, 2003, allowing Plaintiff leave to amend his complaint to include punitive damages and allowing Plaintiff reasonable discovery on that issue, is neither clearly erroneous nor contrary to law.

D.W.F.